UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
4:89-CR-120(JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Richard Miller | ) | |

Defendant seeks a reduction of his sentence, invoking the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases. 18 U.S.C. § 3582(c)(2). The government denies defendant is eligible for reduction because he received a prior conviction-driven mandatory life sentence. Defendant's motion is granted.

I. <u>Background</u>

Twenty years ago, a jury convicted Miller – then 27 years old – on five counts of drug trafficking and firearm offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 924(c).

Invoking Sentencing Guideline § 2D1.1, the Court calculated his "applicable guidelines to be [a] total offender level of 34 . . . but raised to 37 because of the [defendant's] career offender status." (Tr. 23:9-12.) Applying offense level 37, and a criminal history category of VI, the Guidelines prescribed a sentencing range of 360 months to life. The lower sentencing range was unavailable, however, because Miller had previously been convicted of multiple felony drug offenses.

As a result, the statutes of conviction dictated a mandatory sentence of life imprisonment without the possibility of parole. See 21 U.S.C. § 841(b)(1)(A)(iii) (1988). The government sought a life sentence, framing the matter as "a choice between putting [defendant] in prison for the rest of his life [or] allowing him the opportunity once again to get out and continue to poison people through selling them crack cocaine." (Tr. 25:13-16.)

Miller was sentenced to life terms on Counts 1, 3, and 5, followed by five-year consecutive terms on the firearm counts.[1] On direct appeal, the Eighth Circuit Court of Appeals upheld Miller's conviction and life sentence. United States v. Johnson, 944 F.2d 396 (8th Cir. 1991).

Miller now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [Docket Nos. 147, 155 & 158.] The government opposes the motion.

II. Discussion

A. 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) permits a court to reduce a previously imposed sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] The Court later vacated Miller's convictions under 18 U.S.C. §924(c), but did not re-sentence Miller. [Docket No. 91]. See Bailey v. United States, 516 U.S. 137, 143 (1995)(conviction under § 924(c) requires "evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense").

2

lowered by the sentencing commission." On November 1, 2007, the sentencing commission amended Guideline Section § 2D1.1, and lowered by two points the base offense level associated with various quantities of crack cocaine, to partially resolve the disparity in sentences involving crack and powder cocaine. The government claims defendant is not eligible for a reduction because he did not receive a guideline sentence "subsequently lowered by the sentencing commission." Defendant, however, maintains his sentence is "based on" § 2D1.1 of the drug quantity table - a sentencing range subsequently lowered by the sentencing commission.

A career offender sentence, or sentence imposed by a statutory minimum, is generally ineligible for a § 3582(c) sentence reduction. See United States v. Blackmon, 584 F.3d 1115, 1116 (8th Cir. 2009); United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009). Indeed, the Eighth Circuit has clarified that a statutory minimum sentence remains "unaffected by the recent amendments to the crack quantity guidelines." United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008). The Court does not lightly stray from the bounds of these decisions. This case, however, represents a singular and unique exception.

Here, the underlying guideline calculation influenced the Court's conclusion that defendant qualified as a career offender in imposing a statutory life sentence. See, e.g., United States v. Poindexter, 550 F. Supp. 2d. 578, 580 (E.D. Pa. 2008)(reducing

3

career offender's sentence pursuant to the crack cocaine amendment finding § 2D1.1 "played a role" in defendant's sentence). In particular, at sentencing, the Court first calculated the guideline range. (<u>See</u> Tr. 23:8-11 (calculating an offense level 34).) But that range was then elevated to level "37 because of the career offender status." (Tr. 23:8-11.) Finally, the Court applied the "mandatory life penalty" as mandated by statute. (Tr. 23:14-17.)

The Court did not simply calculate defendant's guidelines for comparison - the offense conduct level was a dominant factor in the actual decision to find the career offender category and statutory life sentence applicable. <u>Compare</u> <u>with</u> <u>United States v. Collier</u>, 581 F.3d 755, 759 (8th Cir. 2009)(district court lacked authority to reduce sentence where it contemplated § 2D1.1 drug quantity range, but ultimately based guidelines range on § 4B1.1). At sentencing, the Court emphasized defendant's previous felony convictions involved possession of controlled substances. (Tr. 18:9-15.) The government sought the life sentence because defendant "continue[d] to poison people through selling them crack cocaine." For this reason, the Court sentenced defendant to "prison for the rest of his life." (Tr. 25:10-17.) But the original sentence did not consider the crack/powder disparity - a disparity that Congress and the sentencing commission have

repeatedly attempted to resolve.[2] Accordingly, the Court finds it appropriate to modify defendant's sentencing range based on § 3582(c). Under the amended guidelines, absent the statutory minimum and career offender enhancement, defendant's total offense level is 32. This modification results in a new sentencing range of 210 to 262 months.

B. 18 U.S.C. § 3553(a)

In setting a new sentence, the Court considers the factors set forth in 18 U.S.C. § 3553(a), including:

> 1) the nature and circumstances of the offense and history and characteristics of the defendant;
>
> 2) the need for the sentence imposed:
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Defendant, having been in custody since July 21, 1989, has served more than 20 years for his crime. Today, 20 years

---

[2] On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010, reducing sentencing disparities between crack and powder cocaine to 18 to 1. While the law is not retroactive, it is indicative of Congress's desire to resolve the sentencing disparities between these two drugs.

5

represents nearly the top end of his recalculated guideline sentence. Such a sentence absolutely and adequately reflects the seriousness of the offense and provides just punishment. In addition, nothing in the record suggests defendant represents a danger to the community if released. The Court, therefore, concludes a sentence of 262 months is appropriate and in accord with the law.[3]

Accordingly, IT IS ORDERED THAT:

1. Defendant's motions [Docket Nos. 147, 155 & 158] are granted. Defendant is sentenced to imprisonment for a term of 262 months. All other provisions of the Amended Judgment entered May 29, 2007, remain in effect.

2. Defendant's motions to supplement his pleadings are denied

---

[3] The Court also has no hesitancy in stating that a mandatory life sentence without possibility of parole is vastly too long for this defendant. See Graham v. Florida, 130 S. Ct. 2011, 2031 (2010)(discussing severity of life without parole sentences for nonhomicide offenders). The defendant was one of four young men convicted of drug trafficking and firearms offenses in this case. Certainly, he accumulated a dreadful criminal record - and at an early age . . . but a non-discretionary sentence, assuring he will die of old age in federal prison, is too heavy a burden. He has served more than twenty years; nearly half his life has been spent in federal prison.
   At sentencing, the Court expressed the thought that the mandated sentence broke its heart. (Tr. 27:4-9). The Court recalls this sentence and its injustice virtually every day, and has done so since it was imposed.
   Simple justice and common decency suggest Miller ought to be afforded an opportunity to see if he has learned anything and can, yet, make a contribution to society. The imposed sentence was driven by fear of a flood-tide of crack cocaine. The intervening years have enlightened the Court's, Congress's, and the Sentencing Commission's view of this drug.

as moot. [Docket Nos. 154 & 161.]

    3.   Defendant's motion for relief from judgment is denied as moot. [Docket No. 162.]

Dated: August 5, 2010

<u>s/ James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States District Judge